IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TREENA CLEABORN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANNIECE GENTRY AND SHELBY ) <br> COUNTY SCHOOLS et al., ) <br> ) <br> Defendants. | Case No. 2:18-cv-2603-JPM-dkv |

**ORDER OVERRULING OBJECTIONS TO ECF NOS. 42, 72, AND 73; GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS; DENYING MOTION FOR PRELIMINARY INJUNCTION**

Before the Court are the following motions or objections to the Magistrate Judge's Reports and Recommendations filed by Plaintiff: the January 24, 2019 Objections to the Report and Recommendations in ECF No. 42 (ECF No. 49), the February 28, 2019 Motion for an Injunction for Immediate Medical Treatment and Therapy (ECF No. 63), the April 10, 2019 appeal of the Magistrate Judge's decision in ECF No. 73 (ECF No. 78), and the April 11, 2019 appeal of the Magistrate Judge's decision in ECF No. 72. (ECF No. 76.)

**Legal Standard for Objections to Reports and Recommendations**

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir.2004)). Pro se

litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See Howard, 932 F.2d at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)). This is the standard the Court is required to use for objections to a report and recommendations on a motion to dismiss.

**Analysis of Objections to ECF No. 42, Order Recommending Granting Defendants' Motion to Dismiss**

Defendants filed a Partial Motion to Dismiss on October 10, 2018. (ECF No. 14.) The Magistrate Judge provided her Report and Recommendations on the Defendants' Partial Motion to Dismiss on January 2, 2019. (ECF No. 42.) Plaintiff filed objections to the Report and Recommendations on January 24, 2019. (ECF No. 49.) For the below reasons Plaintiff's objections are OVERRULED and the Court ADOPTS the Magistrate Judge's Report and Recommendation in full.

Fed. R. Civ. P. 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." As such, a Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss only tests whether the plaintiff has pleaded a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery. Brown v. City of Memphis, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a court decides in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. "[A] formulaic recitation of the elements of a cause of

action will not do." Twombly, 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff without facts who is "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Iqbal, 556 U.S. at 678-79; Green v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 WL 112735, at *3 (W.D. Tenn. Jan. 13, 2011), aff'd 481 F. App'x 252 (6th Cir. 2012).

"In evaluating a motion to dismiss, we may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." Luis v. Zang, 833 F.3d 619, 626 (6th Cir. 2016) (internal quotes omitted).

Plaintiff repeatedly claims that the Magistrate Judge "missed the point" about underlying evidence. (See ECF No. 49 at PageID 348.) Plaintiff does not challenge, however, the actual factual conclusions recommended by the Magistrate Judge, but rather their interpretations. The Court has reviewed the proposed factual findings and compared them to Plaintiff's complaint. Upon de novo review the Court does not see any basis to change the proposed findings of fact.

Plaintiff objects to the Magistrate Judge's recommendation that the claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") must be dismissed because the Board of Education is a municipal entity that cannot be liable under RICO. (ECF No. 49-1 at PageID 355.) A school board is a municipal entity that cannot be held liable under RICO. See Call v. Watts, 1998 WL 165131, at * 2 (6th Cir. Apr. 2, 1998). This objection is overruled. Plaintiff makes no other specific objections to the Magistrate Judge's legal recommendations. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

Upon de novo review of Plaintiff's factual and legal objections and clear error review of the remainder of the report, the Court sees no reason to upset the Magistrate Judge's Report and Recommendations. All of Plaintiff's objections in ECF No. 49-1 are OVERRULED and the Court ADOPTS the Magistrate Judge's Report and Recommendations (ECF No. 42) regarding Defendants' Partial Motion to Dismiss. (ECF No. 14.) Defendants' Partial Motion to Dismiss (ECF No. 14) is GRANTED.

**Plaintiff's Motion for an Injunction and Immediate Medical Treatment**

On February 28, 2019 Plaintiff filed a Motion to Judge McCalla Pursuant to Rule 65 for an Injunction for Immediate Medical Treatment and Therapy. (ECF No. 63.) Defendants filed a response on March 14, 2019. (ECF No. 70.) Plaintiff "request[s] the Court to order Risk Management of Shelby County Schools to immediately grant Plaintiff medical attention to see doctors and receive therapy for her [on the job injury]." (ECF No. 63 at PageID 509.) The Court treats Plaintiff's motion as one for a preliminary injunction under Rule 65.

Legal Standard for a Preliminary Injunction

An application for a preliminary injunction is subject to a four-factor analysis. NE. Ohio Coal. for Homeless, 467 F.3d 999, 1009 (6th Cir. 2006) (applying the four-factor analysis to a temporary restraining order in an absentee ballot voter identification case). The factors the Court must consider are: "(1) the likelihood that the movant will succeed on the merits, (2) whether the movant will suffer irreparable harm without the [injunctive relief], (3) the probability that granting the [injunction] will cause substantial harm to others[,] and (4) whether the public interest will be advanced by issuing the [injunction]." Id. at 1009. A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it. Overstreet v. Lexington-Fayette Urban Cty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002).

Analysis of Motion for Preliminary Injunction

The first factor, likelihood of success on the merits, refers to success as to the claim that would result in the relief requested. Plaintiff's argues that she would have success based on her claims under the Tennessee Healthy Workplace Act, T.C.A. § 50-1-501, et seq.; the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1513(e); and 42 U.S.C. § 1983. (ECF No. 63 at PageID 509.) Those claims were dismissed above based on the Court granting Defendants' Partial Motion for Dismissal. Plaintiff has no likelihood of success on the merits and no basis for the Court to grant her Motion for Preliminary Injunction. Plaintiff's Motion for Preliminary Injunction (ECF No. 63) is DENIED.

To the extent that Plaintiff seeks to amend the complaint through ECF No. 63 that motion is also DENIED. The scheduling order requires that pleadings be amended by January

28, 2019, one month before the present motion was filed. (ECF No. 34.) Plaintiff does not state any good cause why the scheduling order's deadlines should not be applied as required under Fed. R. Civ. P. 16.

**Standard of Review for Nondispositive Matters**

For Magistrate Judge rulings on nondispositive issues, the district judge in the case "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see Murray v. City of Columbus, Ohio, 534 F. App'x 479, 484 (6th Cir. 2013).

**Plaintiff's Objections to Orders Denying Permission to Amend Complaint**

Plaintiff objected to ECF No. 73, the Magistrate Judge's Order Denying Plaintiff's Request for "Permission to Make Defendants' Attorney a Defendant and Increase Remedy Amount Due to Evidence of More Retaliation and RICO Violations" on April 10, 2019. (ECF No. 78.) In the Order, the Magistrate Judge denied Plaintiff's motion to amend her complaint as untimely. (ECF No. 73 at PageID 544.) According to the Scheduling Order motions to amend pleadings were due January 28, 2019. (ECF No. 34.) Plaintiff's present Motion to Amend in question was filed on February 12, 2019 after the deadline in the Scheduling Order. (ECF No. 54.) It is not contrary to law for the Magistrate Judge to enforce the Scheduling Order and deny the motion. Plaintiff's objection to ECF No. 73 is OVERRULED.

Plaintiff also objected to ECF No. 72, the Magistrate Judge's Order Denying Plaintiff's "Request to do Second Amendment and Amend Pleadings with Additional Evidence" on April 11, 2019. (ECF No. 76.) Plaintiff's underlying motion was filed on January 28, 2019. (ECF No. 50.) The Magistrate Judge denied the motion "because such amendment would be futile"

7

and not survive a Motion to Dismiss. (ECF No. 72 at PageID 541.) The Magistrate Judge's analysis and conclusion in the order were not contrary to law. (See ECF No. 72.) A motion to amend can be denied if the additional claims would be futile. Midkiff v. Adams Cnty. Reg'l Water Dist., 409 F.3d 758, 767 (6th Cir. 2005). Plaintiff's Objection to ECF No. 72 is OVERRULED.

**Conclusion**

Plaintiff's objections to ECF Nos. 72, 73, and 42 are OVERRULED. Defendants' Partial Motion for Dismissal (ECF No. 14) is GRANTED. Plaintiff's Motion for Preliminary Injunction (ECF No. 63) is DENIED.

**SO ORDERED**, this 28th day of May, 2019.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE