IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

TREENA N. CLEABORN,

    Plaintiff,

  vs.

                                    No.   18-2603-JPM-dkv

SHELBY COUNTY BOARD OF EDUCATION,
ANNIECE GENTRY, CHANTAY BRANCH,
CECILIA BARNES, GREGORY GLENN,
ANTHONY KRONE, and LATERICA ROSE,

    Defendants.
_____

REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS, OR
IN THE ALTERNTIVE, TO ORDER PLAINTIFF TO APPEAR FOR DEPOSITION
AND EXTEND DEADLINES
_____

Before the court is the August 13, 2019 motion of the defendants, Shelby County Board of Education ("SCBOE"), Principal Anniece Gentry, Chantay Branch, Cecilia Barnes, Gregory Glenn, Anthony Krone, and LaTerica Rose (collectively, "Defendants"), pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, to dismiss the complaint of the plaintiff, Treena Nicole Cleaborn ("Cleaborn"), as a sanction for failing to comply with the court's discovery order of July 10, 2019 which required Cleaborn to appear and be deposed on or before August 9, 2019. (Defs.' Mot. to Dismiss, ECF No. 103.)  On August 27, 2019, Cleaborn filed a response in opposition.  (Pl.'s Resp. in Opp.,

ECF No. 105.)  On April 30, 2018, this case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.  (ECF No. 18.)  For the reasons that follow, it is recommended that the Defendants' motion to dismiss be granted and that this case be dismissed in its entirety.

This is a Title VII employment discrimination case filed by Cleaborn *pro se* in the Circuit Court of Shelby County, Tennessee on August 8, 2018.  (ECF No. 1-2.)  This case was removed by Defendants to the District Court for the Western District of Tennessee on August 31, 2018.  (Notice of Removal, ECF No. 1.) Cleaborn filed an amended complaint on September 25, 2018.  (Am. Compl., ECF No. 12.) This case has been referred to the United States Magistrate Judge for all pretrial matters.  (Order of Ref., ECF No. 18.)

The Scheduling Order, entered on December 3, 2018, set July 6, 2019, as the deadline for completing depositions and all discovery.  (ECF No. 34.)  According to the unopposed motion of the Defendants to extend the discovery deadline, the Defendants requested that Cleaborn be deposed on June 5 or 6, 2018, but Cleaborn responded that she would be out of town and would let counsel know when she would be available.  (Defs.' Mot. to Extend, ECF No. 87-1.)  When Cleaborn failed to follow through, the

2

Defendants noticed her deposition on May 31, 2019 for June 6, 2019, (Notice of Depo., ECF No. 84), but Cleaborn failed to show. (Defs.' Mot. to Extend, ECF No. 87.)  On July 10, 2019, the court granted the Defendants' motion to extend the discovery deadline to August 9, 2019 for the limited purpose of deposing Cleaborn and ordered Cleaborn to appear and be deposed on or before August 9, 2019.  (Order, ECF No. 93.) In addition, the court warned Cleaborn that failure to comply would lead to dismissal of her complaint.

According to the Defendants' instant motion, Cleaborn failed to communicate with defense counsel to schedule her deposition. (Defs.' Mot. to Dismiss 2, ECF No. 103.)  The Defendants filed a Notice to Take Deposition of Treena Nicole Cleaborn pursuant to Rule 30 of the Federal Rules of Civil Procedure on August 2, 2019. (Depo. Notice, ECF No. 100.)  The Notice to Take Deposition set the date and time of the deposition for Friday, August 9, 2019 and stated the location of the deposition as being the Shelby County Board of Education, 160 South Hollywood, Memphis, Tennessee 38112. (*Id*.) Cleaborn responded to the deposition notice the day before the noticed deposition by filing a "Response to Notice to Take Deposition," in which she stated that "[d]ue to the fact that Defendant's counsel did not contact Plaintiff about the date of August 9, 2019, Plaintiff will not be able to accommodate." (Pl.'s Resp. to Notice to Take Depo., ECF No. 101.)  Cleaborn did not

3

appear for her deposition on August 9, 2019 as noticed.

On August 13, 2019, the Defendants filed the present motion to dismiss the complaint as a sanction for failing to comply with the court's July 10, 2019 order.  In her response to the motion, Cleaborn claims that "Defendant's counsel has readily lied and intentionally misled this court with untrue statements," and offers no other reason for her failure to appear.  (Resp. to Mot. to Dismiss, ECF No. 105.)

"If a party . . . fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders.  They may include . . . [an order] dismissing the action or proceeding in whole or in part."  FED. R. CIV. P. 37(b)(2)(A).

The Sixth Circuit regards the sanction of dismissal under Rule 37 for failure to cooperate in discovery to be a "sanction of last resort."  *Beil v. Lakewood Eng'g and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994).  Dismissal may be imposed "only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith or fault."  *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-54 (6th Cir. 1988).  In determining whether to dismiss an action for failure to cooperate in discovery, the court should consider:  (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice

4

resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered.  *Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (citing *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)).

Dismissal of this action is an appropriate sanction in this case.  The first factor of the Sixth Circuit's test is satisfied because Cleaborn's failure to appear twice for her deposition is due to her own willfulness and fault.  She has not offered any reason as to why she was unable to appear for her deposition on August 9, 2019.  She simply chose not to appear.  To dismiss an action with prejudice under Rule 37 the Sixth Circuit has held that the first factor is satisfied only if "a clear record of delay or contumacious conduct" exists.  *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)).  Cleaborn has ignored an order of the court.  This course of conduct constitutes a clear record of delay.

The second factor weighs in favor of dismissal.  The Defendants have been prejudiced because they been unable to move forward in their preparation for trial without the Cleaborn's deposition.  A jury trial is set for October 21, 2019, with a pretrial conference on October 2, 2019.  The dispositive motion

deadline is September 30, 2019. Furthermore, the Defendants have had to waste time, money, and effort in pursuit of cooperation that Cleaborn was legally obligated to provide under the court's order.

The third factor is satisfied because Cleaborn was sufficiently warned that her failure to comply with the court's order would result in dismissal of her case.

The final factor is satisfied because lesser sanctions would not be appropriate in this case. Cleaborn has twice failed to appear and be deposed and has failed to abide by an express order of the court to do so after the first time she failed to appear. Cleaborn has exhibited a disregard for the Defendants' repeated requests for her deposition and has shown contempt for an order of this court. Therefore, the court recommends dismissal with prejudice under Rule 37 as a sanction.

In addition, dismissal is warranted under Rule 41(b). That rule provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

FED. R. CIV. P. 41(b). Here, Cleaborn has failed to comply with

6

an order of the court and has offered no justification for her failure. Accordingly, it is recommended that Cleaborn's claims against all the defendants be dismissed with prejudice under Rule 41(b).

In sum, it is recommended that Cleaborn's complaint be dismissed in its entirety with prejudice.

Respectfully submitted this 4th day of September, 2019.

                              s/Diane K. Vescovo
                              DIANE K. VESCOVO
                              CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.