# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TREENA CLEABORN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANNIECE GENTRY AND SHELBY ) <br> COUNTY SCHOOLS, ) <br> ) <br> Defendants. | Case No. 2:18-cv-2603-JPM-dkv |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DISMISSING THE CASE WITH PREJUDICE

Before the Court is the Report and Recommendation filed by Chief United States Magistrate Judge Diane K. Vescovo on September 4, 2019. (ECF No. 106.) In the Report and Recommendation, Chief Magistrate Judge Vescovo recommends that Defendants' Motion to Dismiss (ECF No. 103) be Granted. (ECF No. 106 at PageID 666.)

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Plaintiff has filed timely objections to the Report and Recommendation. See Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ.

1

P. 72(b)(3).  The District Court reviews the sections of the Reports and Recommendations for clear error if there were no specific objections to the section.  See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.").  "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  Howard, 932 F.2d at 509.  Moreover, the "failure to properly file objections constitutes a waiver of appeal."  See Howard, 932 F.2d at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The first Scheduling Order set July 6, 2019, as the deadline for completing depositions and all discovery.  (ECF No. 34.)  According to Defendants unopposed motion to extend the discovery deadline, the Defendants requested that Plaintiff be deposed on June 5 or 6, 2018, but Plaintiff responded that she would be out of town and would let counsel know when she would be available.  (Defs.' Mot. to Extend, ECF No. 87-1.)  Plaintiff never responded with an alternate date when she would be available for her deposition.  (Notice of Depo., ECF No. 84.) The Defendants then noticed her deposition on May 31, 2019 for June 6, 2019, within the required discovery deadline.  (Id.)  Plaintiff did not appear.  (Defs.' Mot. to Extend, ECF No. 87.)  On July 10, 2019, the Court granted the Defendants' Motion to Extend the Discovery Deadline to August 9, 2019 for the limited purpose of deposing Plaintiff. (Order, ECF No. 93.) The Court ordered Plaintiff to appear and be deposed on or before August 9, 2019. (Id.)  In addition, the Court warned Plaintiff that failure to comply would lead to dismissal of her complaint.  (Id.)

"If a party . . . fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders. They may include . . . [an order] dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). The Sixth Circuit regards the sanction of dismissal under Rule 37 for failure to cooperate in discovery to be a "sanction of last resort." Beil v. Lakewood Eng'g and Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994). Dismissal is appropriate "only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith or fault." Reg'l Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 153-54 (6th Cir. 1988). In determining whether to dismiss an action for failure to cooperate in discovery, the Court should consider: (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. Mager v. Wisconsin Cent. Ltd., 924 F.3d 831, 837 (6th Cir. 2019) (citing United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002)).

The Magistrate Judge found that:

> Dismissal of this action is an appropriate sanction in this case. The first factor of the Sixth Circuit's test is satisfied because Cleaborn's failure to appear twice for her deposition is due to her own willfulness and fault.
>
> She has not offered any reason as to why she was unable to appear for her deposition on August 9, 2019. She simply chose not to appear. To dismiss an action with prejudice under Rule 37 the Sixth Circuit has held that the first factor is satisfied only if "a clear record of delay or contumacious conduct" exists. Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013) (quoting Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997)). Cleaborn has ignored an order of the court. This course of conduct constitutes a clear record of delay.
>
> The second factor weighs in favor of dismissal. The Defendants have been prejudiced because they been unable to move forward in their preparation for trial without the Cleaborn's deposition. A jury trial is set for October 21, 2019, with a pretrial conference on October 2, 2019. The dispositive motion

deadline is September 30, 2019. Furthermore, the Defendants have had to waste time, money, and effort in pursuit of cooperation that Cleaborn was legally obligated to provide under the court's order. The third factor is satisfied because Cleaborn was sufficiently warned that her failure to comply with the court's order would result in dismissal of her case.

The final factor is satisfied because lesser sanctions would not be appropriate in this case. Cleaborn has twice failed to appear and be deposed and has failed to abide by an express order of the court to do so after the first time she failed to appear. Cleaborn has exhibited a disregard for the Defendants' repeated requests for her deposition and has shown contempt for an order of this court. Therefore, the court recommends dismissal with prejudice under Rule 37 as a sanction.

In addition, dismissal is warranted under Rule 41(b). That rule provides:

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits."

Fed. R. Civ. P. 41(b).

Here, Cleaborn has failed to comply with an order of the court and has offered no justification for her failure. Accordingly, it is recommended that Cleaborn's claims against all the defendants be dismissed with prejudice under Rule 41(b).

(ECF No. 106 at PageID 669-71.)

Plaintiff's first objection[1] to the Magistrate Judge's Report and Recommendation contends that Magistrate Judge Vescovo's orders have been biased and unjust in response to Plaintiff's motions. (ECF No. 107 at PageID 672-73.) Plaintiff does not specifically dispute any of the facts or law contained within the Report and Recommendation. (Id.) The statements

---

[1] Although the submission is titled "Motion to Dismiss and or Strike Report and Recommendation on Defendants' Motion to Dismiss, or in the Alterntive [sic], to Order Plaintiff to Appear for Deposition and Extend Deadlines From The Record," the Court acknowledges that it was issued during the statutory period permitting objection. The nature of the text indicates dissatisfaction with the Report and Recommendation. Therefore, the Court will treat this filing, and the subsequent "Response to Report and Recommendation on Defendants' Motion to Dismiss, or in the Alterntive [sic], to Order Plaintiff to Appear for Deposition and Extend Deadlines" (ECF No. 108) as timely objections.

4

in the first objection are only general complaints and do not trigger de novo review. Howard, 932 F.2d 505, 509.

In Plaintiff's Second objection, asserts some specific objections which trigger de novo review of the relevant provisions in the Report and Recommendations. Plaintiff states that Magistrate Judge Vescovo did not ask Plaintiff why she missed the deposition. (ECF No. 108 at PageID 676.) Upon de novo review, this Court notes that Plaintiff's deposition was court-ordered, and Magistrate Judge Vescovo was not required to ask Plaintiff why she did not follow the court order. Plaintiff also states that Defendant set a date without conferring with Plaintiff. (Id.) On de novo review, this is not inconsistent with Magistrate Judge Vescovo's findings. Furthermore, Plaintiff does not provide evidence or argue that she has provided a date when she may be deposed. Therefore, Plaintiff's objection does not contradict Magistrate Judge Vescovo's finding. Additionally, Plaintiff does not dispute the actual analysis for case dismissal performed by the Magistrate Judge. Plaintiff does not object to the finding that Plaintiff failed to provide alternative dates to Defendants when she would be available for her deposition. Nor did Plaintiff provide a reason why she was unable to attend the last two deposition dates. Plaintiff does has not provided evidence that she cooperated with discovery, communicated with opposing counsel productively, or has any intent to attempt to schedule a deposition on a future date.

On de novo review of specific portions of the Magistrate Judge's Report and Recommendation, the Court hereby ADOPTS the Report and Recommendation in its entirety. Accordingly, Defendants' Motion to Dismiss is GRANTED. Plaintiff's case is DISMISSED WITH PREJUDICE.

**SO ORDERED**, this 30th day of September, 2019.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE